**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ ) | | |
| **NA'EEM BETZ** ) | | |
| ) | | |
| **Plaintiff,** ) | **Case No.: 1:22-cv-01578-JEB** | |
| **v.** ) | | |
| ) | | |
| **HOWARD UNIVERSITY HOSPITAL** ) | | |
| ) | | |
| **Defendant.** ) | | |
| _____ ) | | |

**<u>DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

## TABLE OF CONTENTS

I.    **INTRODUCTION**.................................................................................... 1

II.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**................................ 3

  a.    <u>**Factual Background**</u> .......................................................................... 3

    i.    **Patient Doe's Medical Visits To HUH**........................................... 3

    ii.    **Plaintiff's Claim That He Was Contacted By HUH** ......................... 3

    iii.    **Procedural History**................................................................... 4

III**.**    **STANDARD OF REVIEW** ....................................................................... 5

IV.    **ARGUMENT** ....................................................................................... 6

  a.    <u>**The FAC Is Futile As Defendant's Pending Motion To Dismiss And/Or Motion For Summary Judgment Is Unopposed And Therefore Conceded**</u> ..................................... 6

  b.    <u>**Leave Should be Denied for Plaintiff to File the FAC as All Proposed Claims are Futile**</u>............................................................................................ 8

    i.    **Count 1 Of The FAC For Violation Of The TCPA Is Futile As It Is Functionally Identical To The Similar Claim Raised In The Complaint** ............................ 8

    ii.    **Count II Of The FAC For Injunctive Relief Is Futile As It Is Not An Independent Cause Of Action** ........................................................................ 9

    iii.    **Count III of the FAC for Invasion of Privacy is Futile** ........................... 10

  c.    <u>**Plaintiff's Proposed FAC Fails To Cure the Deficiencies Of His Prior Complaint And Granting Leave Would Prejudice Defendant**</u>. ...................................... 13

  d.    <u>**The FAC is Brought in Bad Faith**</u> ........................................................ 14

V.    **CONCLUSION** ................................................................................... 15

## **TABLE OF AUTHORITIES**

**Cases**

*Adler v. Vision Lab Telecommunications, Inc.,* 393 F. Supp. 2d 35 (D.D.C. 2005).................. 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 6

*BYD Co. Ltd. v. All. for Am. Mfg.*, 554 F. Supp. 3d 1 (D.D.C. 2021), *aff'd*, No. 21-7099, 2022 WL 1463866 (D.C. Cir. May 10, 2022), *cert. denied sub nom. BYD Co. v. All. for Am. Mfg.*, No. 22-137, 2022 WL 6572176 (U.S. Oct. 11, 2022) ................................................. 5

*Danai v. Canal Square Associates*, 862 A.2d 395 (D.C. 2004).................................... 12

*Doohan v. CTB Invs.*, LLC, 427 F. Supp. 3d 1034 (W.D. Mo. 2019) ........................... 9

*Fitzhenry v. Indep. Ord. of Foresters*, No. 2:14-CV-3690-DCN, 2015 WL 3711287 (D.S.C. June 15, 2015).......................................................................................................... 9

*Greenpeace, Inc. v. Dow Chem. Co.*, 97 A.3d 1053 (D.C. 2014).................................. 10, 11, 12

*In re Ezzell*, 438 B.R. 108, 117-18 (Bankr. S.D. Tex. 2010)....................................... 14

*Intelsat USA Sales Corp. v. Juch-Tech, Inc.*, 935 F. Supp. 2d 101, 120 (D.D.C. 2013) ........... 10

*James Madison Ltd. v. Ludwig*, 82 F.3d 1085 (D.C. Cir. 1996)................................... 6

*Kennedy v. Berkel & Co. Contractors*, No. 17-CV-1248 (DLF), 2020 WL 4903896 (D.D.C. Aug. 20, 2020).......................................................................................................... 11

*Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006) ................................................. 14

*Macharias v. United States*, 238 F. Supp. 2d 13 (D.D.C. 2002) ................................ 10

*MacLeod v. United States Dep't of Homeland Sec.*, No. 15-CV-1792 (KBJ), 2017 WL 4220398 (D.D.C. Sept. 21, 2017)............................................................................................ 8

*Malek v. Flagstar Bank*, 70 F. Supp. 3d 23 (D.D.C. 2014) ........................................ 10

*Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 133-34 (D.D.C. 2013) ............... 14

*Ross v. DynCorp*, 362 F. Supp. 2d 344 (D.C. Cir. 2005).............................................. 6

*Schuchart v. La Taberna Del Alabardero, Inc.*, 365 F.3d 33 (D.C. Cir. 2004)........................... 12

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950).................................... 10

*Smith v. Truman Rd. Dev.*, LLC, 414 F. Supp. 3d 1205 (W.D. Mo. 2019) .................................... 9

*Tran v. Nguyen*, No. SACV 18-0043 PSG, 2018 WL 1441179 (C.D. Cal. Mar. 22, 2018)......... 14

*United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003) ................... 14

*Utterback v. Geithner*, 754 F. Supp. 2d 52 (D.D.C. 2010) ............................................................ 6

*Wall v. Reliance Standard Life Ins. Co.*, No. CV 20-2075 (EGS), 2021 WL 2209405 (D.D.C. June 1, 2021) ................................................................................................................................. 13

*Washington v. United States*, No. 17-cv-0111, 2017 WL 1232400 (D.D.C. Apr. 3, 2017) ........... 7

*Wengle v. DialAmerica Mktg., Inc*., 132 F. Supp. 3d 910 (E.D. Mich. 2015), as amended (Oct. 2, 2015)....................................................................................................................................... 9

*Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243 (D.C. Cir. 1987)........ 13

*Wolf v. Regardie*, 553 A.2d 1213, 1217 (D.C. 1989) .......................................................... 11, 12

## Statutes

D.C. Code §12-301(4) (2001)....................................................................................................... 11

## Rules

Fed. R. Civ. P. 15(a)(2)................................................................................................................. 5

Fed. R. Civ. P. 56(d) .................................................................................................................... 8

Local Civil Rule 7(b) .................................................................................................................... 6

## Other Authorities

Restatement (Second) of Torts, § 652(B) .................................................................................. 12

## I.   <u>INTRODUCTION</u>

In response to Defendant Howard University Hospital's ("Defendant", "HUH, or "Howard") Motion to Dismiss and/or Motion for Summary Judgment (Dkt. # 6), Plaintiff Na'eem Betz ("Plaintiff" or "Betz") seeks leave to file a First Amended Complaint (Dkt. # 12) ("FAC"). However, as stated more thoroughly below, leave should be denied and this case should be dismissed with prejudice because the FAC is futile, fails to cure the Complaint's deficiencies, and is brought in bad faith.

*First*, leave to file the FAC should be denied as Plaintiff has not responded to Howard's pending Motion to Dismiss and/or Motion for Summary Judgment and his attempt to file the FAC does not serve as an opposition to Howard's pending motion. While the Court *may* grant the Motion to Dismiss as conceded, the Plaintiff's failure to meet his obligations under the Federal Rules of Civil Procedure to Oppose the Motion for Summary Judgment is the death knell to this action. Of note, there is no dispute that: the telephone calls at issue were neither solicitations as defined in the Telephone Consumer Protection Act ("TCPA") nor made from an automated telephone dialing system; and Howard, a not-for-profit organization, is exempt from the TCPA.  At bottom, Plaintiff failed to identify the existence of any disputed material facts and therefore, judgment can be entered.

*Second*, leave should be denied as the claims in the FAC are futile. His mirror image claim from the Complaint and FAC for violation of the Telephone Consumer Protection Act ("TCPA") was addressed in Howard's pending Motion to Dismiss and/or Motion for Summary Judgment. Plaintiff has made no material revisions to this claim, making this claim in the FAC inherently futile. Likewise, Plaintiff's new claim for injunctive relief in the FAC can be quickly dismissed as futile as injunctive relief is not a standalone cause of action, but rather, a form of

relief. Finally, the claim in the FAC for invasion of privacy is futile as Howard did not (1) intentionally (2) intrude into Plaintiff's privacy (3) in a manner that would be highly offensive to a reasonable person. Rather, the undisputed facts demonstrate that Plaintiff received a limited amount of errant telephone messages intended for a HUH patient.

*Third*, leave should be denied as Plaintiff has continually failed to cure the deficiencies in his Complaint and it would inherently prejudice Howard to defend a meritless claim.

*Finally*, Plaintiff's bad faith and furtive tactics during the short pendency of this litigation requires the denial of leave to file the FAC and dismissal of this claim. Despite Defendant definitively stating in both private communications to Plaintiff and public filings that it has no interest in entering into a financial settlement with Plaintiff, he nonetheless has continued to contact Defendant no less than 50 times seeking a financial settlement. Plaintiff's strategy is clear: despite knowing that his claims do not possess an iota of factual merit, he seeks to syphon funds from Howard by increasing Defendant's litigation costs. These clear-as-day antics by a notorious and professional TCPA litigant in this District are indicative of the bad faith ubiquitous in the Complaint, FAC and any potential future filing by Betz. As such, leave to file the FAC should be denied.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### a.   Factual Background[1]

#### i.   Patient Doe's Medical Visits To HUH

It is well known that HUH is a Hospital providing medical services in the District of Columbia. (Dkt. #6-12 at ¶ 1).  It is HUH's policy to contact patients for any necessary follow-up or information at the contact information provided by that patient. (*Id*. at ¶ 2; Dkt. #6-3 at ¶ 6).

HUH had a patient, Patient Doe, present to the hospital in 2021 and 2022 for emergency medical treatment. (Dkt. #6-12 at ¶ 3; Dkt. #6-3 at ¶¶ 4,9). The patient presented for medical treatment in or around May of 2021 and on May 2 and 5, 2022. (*Id*.; Dkt. #6-4). Upon presentation to HUH, Patient Doe provided the telephone number 202-XXX-8063 as his contact information for HUH to reach him, and that remained his contact information of record. (Dkt. #6-12 at ¶ 4; Dkt. #6-3 at ¶¶ 4-5 and 9; Dkt. #6-5).

#### ii.   Plaintiff's Claim That He Was Contacted By HUH

Plaintiff alleges that he has a cellular telephone number with the contact number of 202-XXX-8063, which is the same telephone number provided to HUH by Patient Doe on multiple occasions. (Dkt. #6-12 at ¶ 5; FAC at ¶ 12). Plaintiff states that he has registered this telephone number on the National Do Not Call Registry. (*Id*.). Plaintiff alleges that he was called a total of four times over a span of 12 months by HUH at the telephone number. (Dkt. #6-12 at ¶ 7; FAC at ¶ 15). He refers to these four calls by HUH over the span of 12 months as "incessant." (FAC at ¶ 19). He does not generally allege that these telephone calls were made from any type of automatic dialing machine.

---

[1]      The factual background was previously provided in Howard's Motion to Dismiss and/or Motion for Summary Judgment and Defendant incorporates that recitation of facts into the instant Opposition to the extent necessary. (Dkt. #6-1 at pp. 2-6). The FAC seemingly does not make any new material factual allegations.

While Plaintiff alleges in the body of his Complaint that the calls by HUH were "solicitations" or "uninvited telemarketing," he has provided no support for this proposition. (FAC at ¶ 14). Indeed, a review of the exhibits Plaintiff submitted with the Complaint and now the FAC demonstrate that the telephone calls by HUH to his cellular phone were not solicitations or telemarketing – rather they were telephone calls by an individual HUH employee seeking a patient's Medicare/insurance information. (Dkt. #6-12 at ¶ 9).  More specifically, Plaintiff has seemingly included transcriptions of voicemails by HUH on May 13, 2022, May 24, 2022, and June 9, 2022. (Dkt. #12-5 at pp. 11-13). These transcriptions indicate that an individual employee of HUH left a voicemail seeking a patient's insurance information after receiving emergency medical treatment at the hospital.  The transcriptions explicitly state that a Ms. Johnson was "calling to see [if the patient has] health insurance … if not [she] could try to help [the patient] with … Medicare." (Dkt. # 12-5 at p. 12). Ms. Johnson also left her return phone number. There is no indication that the voicemails allegedly left on Plaintiff's cellular phone were derived from an automatic dialing machine or were a solicitation.

### iii.  Procedural History

Plaintiff initially filed suit against HUH on May 31, 2022, alleging a single count violation of the TCPA. (Dkt. #1).

In response, HUH filed a Motion to Dismiss and/or Motion for Summary Judgment on August 19, 2022. (Dkt. 6). In that Motion, HUH argued (in part) that: (1) the telephone messages received by Plaintiff did not fall under the TCPA as they were not solicitations (Dkt. #6-1 at pp.8-10); (2) Howard is exempt from the TCPA as it is a not-for-profit tax exempt organization (*Id*. at fn 2);[2] (3) dismissal is necessary because the telephone calls did not originate from an

---

[2]    The Court may take judicial notice of the fact that Howard is a tax-exempt non-profit organization pursuant to 26 U.S.C.A. § 501(c)(3). A court "may take judicial notice of facts

automated telephone dialing system (*Id*. at pp. 10-11); (4) three infrequent telephone calls over the span of a year was not sufficient to allege a violation of the TCPA (*Id*. at pp. 11-13); (5) Plaintiff's *pro se* status does not excuse his inability to plead his claim (*Id*. at pp.13-14); and (6) sanctions should be imposed due to Plaintiff's harassing course of conduct (*Id*. at pp. 14-16). Plaintiff has not opposed Howard's pending Motion to Dismiss and/or Motion for Summary Judgment.

Rather than oppose Defendant's dispositive motion, on October 6, 2022, Plaintiff sought leave to file the FAC. (Dkt. # 12). The FAC is largely repetitive of the underlying Complaint save for minor differences. Of note, Plaintiff now alleges in the FAC that HUH made a fourth call to him on June 9, 2022. (FAC at ¶ 15). He also adds claims for injunctive relief under the TCPA and a tort claim for invasion of privacy. (*Id*. at ¶¶ 37-45). Otherwise, the FAC remains functionally identical to the underlying Complaint, and it does not attempt to address the arguments raised in Defendant's pending (and unopposed) Motion to Dismiss and/or Motion for Summary Judgment.

## III.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure state that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). But the mandate of Rule 15(a) is

---

contained in public records of other proceedings, and of historical, political, or statistical facts, and any other facts that are verifiable with certainty." *BYD Co. Ltd. v. All. for Am. Mfg*., 554 F. Supp. 3d 1, 13 (D.D.C. 2021), *aff'd*, No. 21-7099, 2022 WL 1463866 (D.C. Cir. May 10, 2022), *cert. denied sub nom. BYD Co. v. All. for Am. Mfg*., No. 22-137, 2022 WL 6572176 (U.S. Oct. 11, 2022). Here, HUH is an operating subdivision of Howard, and it is public record as well as common knowledge that Howard (including its subdivisions) are longstanding tax-exempt organizations. *See    e.g.* Nonprofit    Explorer,    Research    Tax-Exempt Organizations,https://projects.propublica.org/nonprofits/display_audit/7788320201    (publicly available non-profit search tool noting that Howard has been afforded non-profit status since at least 1940).

not a blank check to amend a complaint by any means or without a sufficient basis. Rather, a district court need not allow an amendment when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure [deficiencies] by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Utterback v. Geithner*, 754 F. Supp. 2d 52, 56 (D.D.C. 2010)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Thus, a court need not grant leave to amend "where the only result would be to waste time and judicial resources" either because the amendment fails to cure repeated deficiencies, would be futile, or both. *Ross v. DynCorp*, 362 F. Supp. 2d 344, 364 n. 11 (D.C. Cir. 2005). An amendment is wasteful or futile "if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). In order to survive a motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Betz fails to meet this standard with the scant new facts and claims he adds. Thus, his request to amend is futile, fails to cure the deficiencies in his pleadings, and is brought in bad faith.

IV.    **ARGUMENT**

a.   **The FAC Is Futile As Defendant's Pending Motion To Dismiss And/Or Motion For Summary Judgment Is Unopposed And Therefore Conceded[3]**

Plaintiff has not opposed Defendant's Motion to Dismiss and thus it is conceded. "Under Local Civil Rule 7(b), if any party fails to file a response to a motion within the prescribed time, 'the Court may treat the motion as conceded.'" *Washington v. United States*, No. 17-cv-0111,

---

[3]     Betz has also not opposed Defendant's request for non-monetary sanctions. Indeed, since Defendant moved for sanctions, based primarily on Plaintiff's repeated bad faith attempts to extract settlement funds from Howard, Plaintiff has nonetheless continued to email undersigned no less than six additional times seeking a financial settlement.

2017 WL 1232400, at *1 (D.D.C. Apr. 3, 2017) (quoting LCvR 7(b).). It is axiomatic that Plaintiff seeking leave to file the FAC under Fed. R. Civ. P. 15(a)(2) does not replace his obligation to oppose Howard's pending Motion to Dismiss. As such, the Court can use its discretion to treat the pending Motion to Dismiss as unopposed and dismiss this matter.

However, Defendant also filed its Motion as a Motion for Summary Judgment under Fed. R. Civ. P. 56 with an accompanying Statement of Material Facts Not in Dispute. (Dkt. #6-12). Plaintiff likewise failed to oppose the Motion for Summary Judgment and, by doing such, failed to assert the existence of unavailable facts required under Fed. R. Civ. P. 56(d) to defer entering summary judgment. Importantly, as now Justice Jackson explained when adjudicating an unopposed motion for summary judgment filed against a *pro se* litigant:

> [It] is important to note for present purposes that, in this jurisdiction, there appears to be a distinction between the treatment of unopposed motions to dismiss, on the one hand, and the handling of unopposed motions for summary judgment, on the other… [With] respect to an unopposed motion for summary judgment, the D.C. Circuit has specifically held that a district court cannot grant summary judgment as conceded. *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) …

> However, it is also quite clear "[the] benefit [provided to a *[pro se* litigant]* is not ... a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

> Thus, even though a *pro se* complaint "must be construed liberally, the complaint must still present a claim on which the Court can grant relief." *Budik v. Dartmouth-Hitchcock Med. Ctr*., 937 F. Supp. 2d 5, 11 (D.D.C. 2013) (internal quotation marks and citation omitted) … **Likewise, when faced with a motion for summary judgment, a *pro se* plaintiff, just like a represented party, must comply with a court's rules regarding responses to statements of material fact and the need to identify record evidence that establishes each element of his claim for relief**.

*MacLeod v. United States Dep't of Homeland Sec*., No. 15-CV-1792 (KBJ), 2017 WL 4220398, at *7 (D.D.C. Sept. 21, 2017) (granting a motion for summary judgment against a *pro se* Plaintiff who did not file an opposition to Defendant's motion) (emphasis added).

In the case at issue, while the Court may not have the discretion to grant Defendant's Motion for Summary Judgment as unopposed, Betz must nonetheless comply with Fed. R. Civ. P. 56(d) to oppose Defendant's Statement of Material Facts Not in Dispute and also establish each element of his claim for relief. Betz has not done such here. He generally does not dispute that Howard called him because a patient at HUH provided his telephone number. He generally does not dispute that the telephone messages were not solicitations under the TCPA. He generally does not dispute that Howard is a not-for-profit organization that is exempt from the TCPA. He generally does not dispute that he was not called from an automated telephone dialing system. He has not and cannot dispute these facts, thus making his FAC futile. There are simply no material disputed facts outstanding that would necessitate the delay or deferment of summary judgment. This case, respectfully, need not proceed further as Plaintiff has not met his obligations under the Rules to avoid the entry of summary judgment.

    **b.**  **Leave Should be Denied for Plaintiff to File the FAC as All Proposed Claims are Futile**

        **i.  Count 1 Of The FAC For Violation Of The TCPA Is Futile As It Is Functionally Identical To The Similar Claim Raised In The Complaint**

Plaintiff's underlying Complaint raised a single claim for violation of the TCPA, which is seemingly identical to the similar claim raised in the FAC. (*Cf.* Dkt. #1 at ¶¶ 36-42 *with* FAC at ¶¶ 37-43). Betz has provided no material new factual support to amend this claim, which was responded to in Howard's pending Motion to Dismiss and/or Motion for Summary Judgment. As a matter of efficiency, Howard therefore incorporates the following arguments raised in its

pending motion into the instant opposition: (1) the telephone messages received by Plaintiff did not fall under the TCPA as they were not solicitations (Dkt. #6-1 at pp.8-10); (2) Howard is exempt from the TCPA as it is a not-for-profit tax exempt organization (*Id*. at fn 2);[4] (3) dismissal is necessary because the telephone calls did not originate from an automated telephone dialing system (*Id*. at pp. 10-11); (4) four or less infrequent telephone calls over the span of a year is not sufficient to allege a violation of the TCPA (*Id*. at pp. 11-13); (5) Plaintiff's *pro se* status does not excuse his inability to plead his claim (*Id*. at pp.13-14); and (6) sanctions should be imposed due to Plaintiff's harassing course of conduct (*Id*. at pp. 14-16). For these reasons, Plaintiff's claim for violations of the TCPA is futile and leave should not be granted to file the FAC.

### ii. Count II Of The FAC For Injunctive Relief Is Futile As It Is Not An Independent Cause Of Action

In the FAC, Plaintiff alleges a futile standalone claim for injunctive relief. (FAC at ¶¶ 44-45). However, the Court may quickly dispose of Count II of the FAC as procedurally improper without even addressing the merits.  For it is well-established that, "[t]he Declaratory Judgment Act, 28 U.S.C. § 2201 . . . authorizes federal courts to grant declaratory relief as a remedy and is not, standing alone, a cause of action." *Malek v. Flagstar Bank*, 70 F. Supp. 3d 23, 28 (D.D.C.

---

[4]     Courts have repeatedly held that non-profit tax-exempt organizations are exempt from claims under the TCPA. *See Doohan v. CTB Invs*., LLC, 427 F. Supp. 3d 1034, 1042–43 (W.D. Mo. 2019) ("[The TCPA prescribes] certain minimum standards for such internal procedures, but [exempts] tax-exempt nonprofit organizations from its scope."); *Smith v. Truman Rd. Dev*., LLC, 414 F. Supp. 3d 1205, 1235 (W.D. Mo. 2019) ("non-profits were exempted [from the TCPA by Congress] because the record reflected that calls from non-profits were more expected and less frequent."); *Wengle v. DialAmerica Mktg., Inc*., 132 F. Supp. 3d 910, 919 (E.D. Mich. 2015), as amended (Oct. 2, 2015) ("calls made by independent telemarketers on behalf of tax-exempt nonprofits [ ] are not subject to the rules governing telephone solicitations in the TCPA")(internal citation and quotation omitted); *Fitzhenry v. Indep. Ord. of Foresters*, No. 2:14-CV-3690-DCN, 2015 WL 3711287 (D.S.C. June 15, 2015) (generally holding that defendant, the Independent Order of the Foresters, is a nonprofit organization and therefore exempt from the TCPA).

2014); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). Remedies pled as causes of action are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Intelsat USA Sales Corp. v. Juch-Tech, Inc.*, 935 F. Supp. 2d 101, 120 (D.D.C. 2013) ("count for a declaratory judgment" dismissed under Rule 12(b)(6) because "[a] count for a declaratory judgment 'is not cognizable as a separate cause of action, but is more properly included in the[] prayer for relief") (*quoting Walpin v. Corp. for Nat. & Cmty. Serv.*, 718 F. Supp. 2d 18, 24 (D.D.C. 2010)); *Macharias v. United States*, 238 F. Supp. 2d 13, 31 (D.D.C. 2002) (count in complaint for "constructive trust/permanent injunction" dismissed under Rule 12(b)(6) because "constructive trust is a remedy that a court devises after litigation" and "not an independent cause of action" and thus dismissal was proper because "there is no basis on which to award injunctive relief or a constructive trust").  This Court therefore should not grant Plaintiff's request to amend the Compliant to add a count for injunctive relief.

### iii.  Count III of the FAC for Invasion of Privacy is Futile

Plaintiff likewise cannot state any valid claim for "invasion of privacy" under the FAC. Under District of Columbia law, the tort of invasion of privacy – or "intrusion upon seclusion" – has three elements: (1) an intentional "invasion or interference by physical intrusion, by use of a defendant's sense of sight or hearing, or by use of some form of investigation or examination ... (2) into a place where the plaintiff has secluded himself, or into his private or secret concerns ... (3) that would be highly offensive to an ordinary, reasonable person."  *Greenpeace, Inc. v. Dow Chem. Co.*, 97 A.3d 1053, 1062 (D.C. 2014) (internal citations and quotations omitted).  From the face of the FAC, it is clear that Plaintiff cannot plausibly meet these elements and any claim would be futile.[5]

---

[5]    As a threshold matter, the statute of limitations for any invasion of privacy claims under D.C. law is one year. District of Columbia courts have concluded that an invasion of privacy

Plaintiff cannot satisfy the first element of an intrusion upon seclusion claim as the actions HUH is alleged to have taken in the FAC are neither "intentional" intrusions nor "an invasion or interference by physical intrusion, by use of a defendant's sense of sight or hearing, or by use of some other form of investigation or examination." *Wolf v. Regardie*, 553 A.2d 1213, 1217 (D.C. 1989). The handful of calls allegedly made by HUH to Betz's telephone number, were not intended to reach Betz, but rather to contact an HUH patient who had received emergency medical treatment at the Hospital and provided the telephone number 202-XXX-8063 as his contact information for HUH to reach him. (Dkt. #6-12 at ¶ 4; Dkt. #6-3 at ¶¶ 4-5 and 9; Dkt. #6-5). The alleged calls by HUH were not intentional actions made to harass Betz, invade his privacy, or even contact him specifically at all. Without any intentional intrusion, Plaintiff cannot state an invasion of privacy claim.

Moreover, Plaintiff does not allege any facts to support a showing of "an invasion or interference by physical intrusion" or "some other form of investigation or examination" by HUH. *Kennedy v. Berkel & Co. Contractors*, No. 17-CV-1248 (DLF), 2020 WL 4903896, at *8 (D.D.C. Aug. 20, 2020). A sister court has already determined that a single phone call is neither a "physical intrusion" nor an "investigation or examination." *Id.* The three or four alleged calls in this instance do not plausibly meet this element either. Here, as in *Kennedy*, HUH did not conduct an "investigation or examination" that invaded Plaintiff's privacy in order to retrieve Plaintiff's number (rather, in this instance, the number was provided to HUH as contact information for and by a recent patient), nor could the few phone calls by themselves be considered an "investigation or examination." *Id.*

---

action is subject to the same one-year statute of limitations as a defamation action. *See* D.C. Code §12-301(4) (2001); *Greenpeace, Inc.*, 97 A.3d at 1061-62. Accordingly, any alleged calls made more than one year prior to the filing of the FAC, such as the alleged June 2, 2021 call made by HUH (FAC at ¶ 15) would be time-barred and not actionable.

Examples of actionable intrusion include "harassment; peeping through windows or into some other locations in which a plaintiff has chosen to seclude himself; opening personal mail; eavesdropping on private conversations; entering a plaintiff's home without permission or searching his or her belongings; examining a plaintiff's private bank account; or other invasions of that nature." *Wolf*, 553 A.2d at 1217-18.   Indeed, the "kinds of intrusions this tort seeks to redress . . . [are] circumstances where a defendant's liability rested on an investigation or examination that offensively pried into a plaintiff's zone of privacy." *Schuchart v. La Taberna Del Alabardero, Inc.*, 365 F.3d 33, 35-36 (D.C. Cir. 2004).   The phone calls alleged by Betz in the FAC fall well short of such actionable intrusions.

The FAC also does not plausibly allege conduct by HUH "that would be highly offensive to an ordinary, reasonable person."   *Greenpeace, Inc.*, 97 A.3d at 1061-62.   The Court of Appeals for the District of Columbia has adopted the approach to "intrusion upon seclusion" found in the Restatement (Second) of Torts § 652(B).   *See Danai v. Canal Square Associates*, 862 A.2d 395, 399 (D.C. 2004). Section 652(B) of the Restatement notes that "there is no liability for knocking at the plaintiff's door, or **calling him to the telephone on one occasion or even two or three**, to demand payment of a debt . . ."   *See Adler v. Vision Lab Telecommunications, Inc.,* 393 F. Supp. 2d 35, 41-42 (D.D.C. 2005) (quoting Restatement (Second) of Torts, § 652(B) cmt. D) (emphasis added).

While there may be liability "when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence," the FAC does not allege such course of conduct and nor could it. *Adler*, 393 F. Supp. 2d at 41-42 (quoting Restatement (Second) of Torts, § 652(B) cmt. D). Indeed, the FAC and very documents Plaintiff attaches as exhibits thereto indicate that Plaintiff merely

received three or four calls from HUH over the course of a year, and that he did not pick up these phone calls, but rather sent them to voicemail.  The transcriptions of these voicemails, which Betz includes as exhibits to the FAC, demonstrate that an individual employee of Howard contacted the phone number provided by a patient with the intent to help the patient navigate the insurance and Medicare process.  The number, frequency, and content of the phone calls at issue, as pled in the FAC, do not plausibly amount to conduct that is highly offensive to an ordinary reasonable person.

Accordingly, Plaintiff's motion for leave to amend his complaint to add an invasion of privacy claim should be denied, as any such claim would not withstand a motion to dismiss. *See Wall v. Reliance Standard Life Ins. Co.*, No. CV 20-2075 (EGS), 2021 WL 2209405, at *11 (D.D.C. June 1, 2021) (denying leave to amend where the conduct alleged "does not amount to conduct that is 'highly offensive to an ordinary, reasonable person").

### c.   <u>Plaintiff's Proposed FAC Fails To Cure the Deficiencies Of His Prior Complaint And Granting Leave Would Prejudice Defendant.</u>

Plaintiff's request for leave to file the FAC should also be denied because he has demonstrated a pattern of being unable to cure the deficiencies in his complaint. *See Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.,* 810 F.2d 243, 247 (D.C. Cir. 1987) ("denial is permitted … if a party has had sufficient opportunity to state a claim and has failed to do so"). At bottom, there is no set of facts in the Complaint, FAC, or any potential amendment that would indicate that the phone calls received by Betz were solicitations made by an automated telephone dialing system under the TCPA; or that Howard (a non-profit tax-exempt organization) is subject to the TCPA; or that Howard's good faith attempts to contact a HUH patient was an invasion of Betz's privacy. No matter the amount of amendments Betz is permitted, he simply would not be able to bring any legally cognizable cause of action under

these facts. Moreover, granting leave under these baseless facts would inherently prejudice Defendant as it would force Defendant to continue expending resources on defending a meritless claim.

### d.  The FAC is Brought in Bad Faith

Plaintiff's motion should also be denied as the request to amend the Complaint is brought in bad faith.  "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal." *Nat'l Sec. Counselors v. CIA, 960 F. Supp.* 2d 101, 133-34 (D.D.C. 2013) (citation omitted).  In the context of a motion for leave to amend, "bad faith" means acting with intent to deceive, harass, mislead, delay, or disrupt. *Cf. Leon v. IDX Sys. Corp*., 464 F.3d 951, 961 (9th Cir. 2006); *In re Ezzell*, 438 B.R. 108, 117-18 (Bankr. S.D. Tex. 2010).

As it has been defined in other contexts, "bad faith" means more than acting with bad judgment or negligence, but "rather it implies the *conscious doing of a wrong because of dishonest purpose or moral obliquity*.... [I]t contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003) (emphasis added). And, a vexatious *pro se* litigant in a district can be denied from filing new actions.  *See Tran v. Nguyen*, No. SACV 18-0043 PSG, 2018 WL 1441179, at *1 (C.D. Cal. Mar. 22, 2018).

In the case at issue, Betz has demonstrated continued bad faith requiring the denial of leave to amend his Complaint. As a threshold matter, Betz, a serial TCPA litigant in this District (*see* Dkt. #6-2), well knows that the calls made to his telephone number were not solicitations, were not made from an automated telephone dialing system, and were not intended for him.

14

Indeed, he is in possession of the voicemails indicating that the phone calls were intended for a HUH patient and made by an individual employee of Howard with the intent of helping the patient navigate the insurance process. Nonetheless, he has barraged Howard with no less than 50 emails[6] seeking to extract financial settlement funds from Howard based on a theory that he knows is meritless.[7] (*See* Dkt. #6-1 at pp. 18-19). This bad faith use of the legal system to prosecute a knowingly meritless claim in an effort to extort settlement funds requires denial of leave to file the FAC with prejudice.

## V.  **CONCLUSION**

For the above reasons, Plaintiff's Motion for Leave should be denied, and Defendant's pending Motion to Dismiss and/or Motion for Summary Judgment (Dkt. # 6) should be granted.

October 19, 2022                     Respectfully submitted,

                                     **HOWARD UNIVERSITY**

                                     /s/ *Nathiya Nagendra*
                                     Zachary I. Shapiro
                                     Deputy General Counsel
                                     D.C. Bar # 1021639
                                     Nathiya Nagendra
                                     Associate General Counsel
                                     D.C. Bar #1031055
                                     Howard University
                                     2400 Sixth Street, N.W.
                                     Washington, D.C. 20059

---

[6]    Even after Defendant asserted in its publicly filed pending Motion to Dismiss and/or Motion for Summary Judgment that Defendant sought sanctions for Plaintiff's bad faith settlement overtures, Plaintiff nonetheless continues to email undersigned seeking a financial settlement. Defendant's position has not and will not change in this regard.

[7]    Further demonstrating Plaintiff's bad faith and dishonest purposes, Plaintiff has represented to the Court that his home address is 4244 Hildreth St. SE Washington, DC 20019. However, upon reasonable information and belief, he was evicted from that address some seven years ago and has self-disclosed his address to Defendant as being in Vero Beach, Florida.

T: 202-806-2664
E-mail: Zachary.shapiro@howard.edu
          Nathiya.Nagendra@howard.edu

### CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT was filed electronically on October 19, 2022 and sent to Plaintiff's following address of record:

Na'eem Betz
4244 Hildreth St. SE
Washington, DC 20019
nobetzo@gmail.com

/s/ *Nathiya Nagendra*
Nathiya Nagendra